IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,    :

    Plaintiff,    :

  v.    :    Case No. 2:05-cr-0256

George K. Tinnon,    :    JUDGE FROST

    Defendant.    :

## DETENTION ORDER

The above defendant appeared before the Court on April 17, 2006 for a detention hearing. Following the hearing, the defendant was detained without bond pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

On December 15, 2005, the defendant was indicted on one count of conspiring to distribute and to possess with intent to distribute 50 grams or more of crack cocaine, and one count of possessing with intent to distribute 50 grams or more of crack cocaine. The indictment carries with it a presumption that the defendant is both a danger to the community and a risk of flight. The case is judged under the following legal standard.

<u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer

> finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of

2

their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

In addition to the presumption created by the indictment, the Pretrial Services Report addresses additional issues pertinent to the question of detention.  The defendant is a life-long resident of Detroit, Michigan.  Most recently, he resided in that community for approximately 26 months following his release from incarceration.  He has been unemployed for the past 18 months.  He has a girlfriend and several children in Detroit. Perhaps most significantly, he has a lengthy criminal record which includes revocation of probation, several arrests for felony drug charges, and a 2003 conviction for attempted delivery or manufacture of cocaine for which he received a prison sentence and parole.  It appears that he committed the instant drug offense while on parole.  Additionally, he recently pleaded guilty to another felony drug charge and was scheduled for sentencing in March of this year.

The defendant is facing a prison sentence of at least 10

years to life based upon the charges in the indictment, and could face a minimum sentence of 20 years if the charges are amended to reflect his past drug conviction.  He has no ties to the Central Ohio area.  He does not have a strong employment history, and has a history of violating conditions of supervision.  All of these factors, taken together with the presumption created by the indictment, mandate a finding that he ought not to be released on bond.

The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge